UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In the Matter of:

**WESTPACK HOLDINGS, INC.**

      Debtor.

_____/

Case No. DG 23-02033
Chapter 11- Subchapter V
Hon. Scott W. Dales

**ORDER (I) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTEREST AND ENCUMBRANCES, (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH, AND (III) GRANTING RELATED RELIEF**

This matter coming before the Court on *Debtor's Bidding Procedures and Sale Motion (I) (A) Approving Bidding Procedures for the Proposed Sale of Substantially All of the Debtor's Assets and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (B) Approving Bid Protections, (C) Approving the Establishment of Cure Amounts, and (D) Scheduling a Final Sale Hearing and Approving the Form and Manner of Notice Thereof; and (II) (A) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of Liens, and (B) Authorizing the Assumption and Assignment of Executory Contracts and Leases, and (C) Granting Related Relief* (Docket No. 8[[_____]]) (the "Sale Motion")[1], filed by the above-captioned debtor and debtor in possession (the "Debtor") seeking, among other things, the entry of an order (the "Sale Order"), pursuant to sections 105, 362, 363 and 365 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9019 of the

---

[1] Capitalized terms used herein but not otherwise defined have the meanings given to them in the Purchase Agreement (as defined below) or, if not defined in the Purchase Agreement, the meanings given to them in the Sale Motion.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Michigan (the "Local Bankruptcy Rules"), authorizing and approving the sale of substantially all assets (the "Assets") of the Debtor and authorizing the assumption and assignment of certain executory contracts and unexpired leases of the Debtor in connection therewith; and the Court having taken into consideration this Court's prior order, dated September 13, 2023 ~~_____~~, 2023 (Docket No. 42~~_____~~) (the "Bidding Procedures Order"), approving competitive bidding procedures for the Assets (the "Bidding Procedures"); Casey Young on behalf of Westpack Acquisition, LLC (the "Buyer") having submitted a bid for substantially all of the Debtor's assets (the "Assets"); [Buyer's bid being the only Qualified Bid, as determined by the Debtor in consultation with the Consultation Parties pursuant to the Bidding Procedures Order, that was received by the Debtor by the Bid Deadline]; Buyer having been chosen by the Debtor as the Successful Bidder for the Assets; the Court having conducted a hearing on the Sale Motion on November 15~~_____~~, 2023 (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion; the Court having reviewed and considered (i) the Sale Motion and the exhibits thereto, (ii) the Asset Purchase Agreement (the "Purchase Agreement"), by and among Buyer and the Debtor, whereby the Debtor has agreed, among other things, to sell the Assets to Buyer (the "Sale Transaction") and to assume and assign to Buyer certain executory contracts and unexpired leases of the Debtor in connection with the Sale Transaction (collectively, the "Debtor Contracts"), (iii) no~~all~~ objections to the Sale Transaction filed in accordance with the Bidding Procedures Order were filed, and (iv) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and it appearing that due notice of the Sale Motion, the Bidding Procedures Order, and the form of order

proposed by the Debtor to be entered granting the Sale Motion, approving the sale of the Assets, authorizing the assumption and assignment of certain executory contracts and unexpired leases and granting other relief (the "Proposed Sale Order") has been provided in accordance with the Bidding Procedures Order (see Docket No. 45); and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate and creditors, and all parties in interest in this bankruptcy case; and upon the record of the Sale Hearing and this case; and after due deliberation thereon; and good cause appearing therefor, it is hereby **FOUND AND DETERMINED THAT:**

### JURISDICTION, FINAL ORDER AND STATUTORY PREDICATES

A. This Court has jurisdiction over the Sale Motion, the transactions contemplated by the Purchase Agreement and any other ancillary documents and agreements related thereto pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and the Sale Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

C. The statutory and other legal predicates for the relief sought in the Sale Motion are sections 105(a), 362, 363(b), (f), (m) and (n) and 365(a), (b) and (f) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9019 and applicable Local Bankruptcy Rules.

### SOUND BUSINESS PURPOSE

D. The Debtor seeks to convey the Assets, all of which are more fully described in the Purchase Agreement.

E. The Debtor has (1) demonstrated good, sufficient, and sound business purposes and justifications for the Sale Transaction, (2) appropriately exercised its business

judgment by entering into the Sale Transaction and (3) demonstrated compelling circumstances for entry into the Sale Transaction pursuant to section 363(b) of the Bankruptcy Code prior to, and outside of, a plan in that, among other things, the value of the Assets would be harmed by any delay of the Sale Transaction.  Business justifications for the Sale Transaction include the facts that (i) the Purchase Agreement constitutes the highest and best offer received for the Assets; and (ii) the Purchase Agreement presents the best opportunity to maximize the value of the Assets.

### HIGHEST AND BEST OFFER

F. The Bidding Procedures provided a full, fair and reasonable opportunity for any entity to make an offer to purchase the Assets.  The Debtor, by and through the Debtor Auction Team, conducted the marketing process~~Auction~~ and have complied with the Bidding Procedures Order.  Buyer complied with the Bidding Procedures Order in all respects.

G. As demonstrated by the testimony and other evidence proffered or adduced at the Sale Hearing, (1) the Debtor has adequately marketed the Assets; (2) the Purchase Agreement constitutes the highest and best offer for the Assets and provides fair and reasonable consideration therefor; (3) the consideration to be paid by Buyer under the Purchase Agreement constitutes reasonably equivalent value and fair consideration for the Assets under the Bankruptcy Code and under applicable state laws.

H. Buyer was the Successful Bidder for the Assets in accordance with the Bidding Procedures and Bidding Procedures Order.  The process conducted by the Debtor pursuant to the Bidding Procedures obtained the highest and best value for the Assets for the Debtor and its estate.

I. A member of the Buyer entity~~Buyer~~ has provided the Debtor with a deposit in an amount equal to $80,000.00 of the initial cash consideration contemplated by the Purchase

Agreement (such amount, the "Good Faith Deposit"), which Good Faith Deposit is currently being held in the IOLTA of Keller & Almassian, PLC.

### BEST INTEREST OF CREDITORS

J. Approval of the Purchase Agreement and the consummation of the Sale Transaction with Buyer at this time are in the best interests of the Debtor, its creditors, its estate and all parties in interest.

### GOOD FAITH

K. The Purchase Agreement and each of the transactions contemplated therein were negotiated, proposed and entered into by the Debtor and Buyer in good faith, without collusion and from arm's-length bargaining positions. Buyer is a "good faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby. Neither the Debtor nor Buyer have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code.

### NOTICE OF THE SALE MOTION AND THE CURE AMOUNTS

L. As evidenced by the certificates of service filed with the Court, (1) proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, and the Proposed Sale Order was provided by the Debtor; (2) such notice was good, sufficient and appropriate under the particular circumstances; and (3) no other or further notice of the Sale Motion, the proposed Sale Transaction, the Bidding Procedures, the Sale Hearing or the Proposed Sale Order is or shall be required. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein was afforded to all interested persons and entities, including, but not limited to:

(i) the Office of the UST;

  (ii)  the Subchapter V Trustee;

  (iii)  counsel for Huntington Bank;

  (iv)  the U.S. Small Business Administration;

  (v)  all entities who have requested service pursuant to Bankruptcy Rule 2002 in the Debtor's bankruptcy case;

  (vi)  identified non-debtor parties to the executory contracts and unexpired leases;

  (vii)  all parties who are known or reasonably believed to have asserted a lien, encumbrance, claim or other interest in the Assets;

  (viii)  all of the Debtor's creditors that have filed proofs of claim in the Debtor's chapter 11 case or whose claims are listed by the Debtor in its schedules of liabilities filed with the Court;

  (ix)  the Securities and Exchange Commission;

  (x)  the Internal Revenue Service;

  (xi)  all applicable state and local taxing authorities;

  (xii)  the United States Attorney for the Western District of Michigan.

  M.  In accordance with the provisions of the Bidding Procedures Order, the Debtor has served prior to the Sale Hearing notice of their intent, subject to the terms of the Purchase Agreement, to assume and assign the Debtor Contracts and of the related proposed Cure Costs (the "Cure Notice") upon each non-debtor counterparty to the Debtor Contracts. The service of such notice was good, sufficient and appropriate under the circumstances (see Docket No. 51-1) and no further notice need be given with respect to the Cure Costs for the Debtor Contracts listed in the Cure Notice and the assumption and assignment of the Debtor Contracts. All non-debtor parties to the Debtor Contracts have had a reasonable opportunity to object to both the Cure Costs listed in the Cure Notice and the assumption and assignment of the Debtor Contracts.

**Section 363(f) Requirements Met For Free And Clear Sale**

N. The Debtor may sell the Assets free and clear of all liens, claims (including those that constitute a "claim" as defined in section 101(5) of the Bankruptcy Code), rights, liabilities, encumbrances and other interests of any kind or nature whatsoever, including, without limitation, any debts arising under or out of, in connection with, or in any way relating to, any acts or omissions, obligations, demands, guarantees, rights, contractual commitments, consignment arrangements, restrictions, product liability claims, environmental liabilities, employee pension or benefit plan claims, retiree healthcare or life insurance claims of the Debtor, and any transferee or successor liability claims, rights or causes of action (whether in law or in equity, under any law, statute, rule or regulation of the United States, any state, territory, or possession thereof or the District of Columbia), whether arising prior to or subsequent to the commencement of these cases, whether known or unknown, and whether imposed by agreement, understanding, law, equity or otherwise, and all Excluded Liabilities  (collectively, "<u>Claims</u>"), except for any Assumed Liabilities and Permitted Liens, because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.  Without limiting the generality of the foregoing, "Claims" shall include any and all liabilities or obligations whatsoever arising under or out of, in connection with, or in any way relating to:  (1) any Employee Benefit Plans (including any Claims related to unpaid contributions); (2) the Worker Adjustment and Retraining Notification Act of 1988, or (3) any of the Debtor's current and former employees.  Those holders of Claims who did not object (or who ultimately withdrew their objections, if any) to the Sale Transaction or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of Claims who did object that have an interest in the Assets fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are therefore adequately protected by having their Claims that constitute interests in the Assets, if any,

attach solely to the proceeds of the Sale Transaction ultimately attributable to the property in which they have an interest, in the same order of priority and with the same validity, force and effect that such holders had prior to the Sale Transaction, subject to any defenses of the Debtor. All persons having Claims of any kind or nature whatsoever against the Debtor or the Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such Claims against Buyer or any of its assets, property, Affiliates, successors, assigns, or the Assets (other than Assumed Liabilities and Permitted Liens).

O. Buyer would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor and its estate and its creditors, if the sale of the Assets was not free and clear of all Claims, other than Assumed Liabilities and Permitted Liens, or if Buyer would, or in the future could, be liable for any such Claims, including, as applicable, certain liabilities related to the Debtor's business that will not be assumed by Buyer, as described in the Purchase Agreement.

### ASSUMPTION AND ASSIGNMENT OF THE DEBTOR CONTRACTS

P. The assumption and assignment of the Debtor Contracts are integral to the Purchase Agreement, are in the best interests of the Debtor and its estate and represent the reasonable exercise of the Debtor's sound business judgment.

Q. With respect to each of the Debtor Contracts, the Debtor has met all requirements of section 365(b) of the Bankruptcy Code. Further, Buyer has provided all necessary adequate assurance of future performance under the Debtor Contracts in satisfaction of sections 365(b) and 365(f) of the Bankruptcy Code. Accordingly, the Debtor Contracts may be assumed by the Debtor and assigned to Buyer, as provided for in the Purchase Agreement.

## VALIDITY OF THE TRANSFER

R. As of the effective time of the consummation of the Sale Transaction pursuant to the Purchase Agreement (the "Closing"), the transfer of the Assets to Buyer will be a legal, valid and effective transfer of the Assets, and will vest Buyer with all right, title and interest of the Debtor in and to the Assets, free and clear of all Claims, other than Assumed Liabilities and Permitted Liens.

S. The Debtor (1) has full corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the Sale Transaction has been duly and validly authorized by all necessary corporate action of the Debtor, (2) has all of the corporate power and authority necessary to consummate the transactions contemplated by the Purchase Agreement, and (3) upon entry of this Sale Order, other than any consents identified in the Purchase Agreement, needs no consent or approval from any other person to consummate the Sale Transaction.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

## GENERAL PROVISIONS

1. The Sale Motion is granted as set forth herein, and the Sale Transaction is approved as set forth in this Sale Order.

2. The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3. All objections [[ (except for Cure Objections or Adequate Assurance Objections that have been adjourned with the consent of Buyer), if any, ]] to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

4. Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006.

5. The consideration provided by Buyer under the Purchase Agreement is fair and reasonable, and the sale to Buyer of the Assets shall be deemed for all purposes to constitute a transfer in exchange for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

### APPROVAL OF THE PURCHASE AGREEMENT

6. The Purchase Agreement, all transactions contemplated therein, and all of the terms and conditions thereof are hereby approved.

7. Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Debtor is authorized to perform its obligations under and comply with the terms of the Purchase Agreement and consummate the Sale Transaction, pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Sale Order.

8. The Debtor, as well as its Affiliates, officers, employees and agents, are authorized to execute and deliver, and authorized to perform under, consummate and implement, the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions as may be (a) reasonably requested by Buyer for the purpose of assigning, transferring,

granting, conveying and conferring to Buyer, or reducing to possession, the Assets or (b) necessary or appropriate to the performance of the obligations contemplated by the Purchase Agreement, all without further order of the Court.

### TRANSFER OF ASSETS FREE AND CLEAR

9. Pursuant to sections 105(a), 363(b), 363(f) and 365 of the Bankruptcy Code, the Debtor is authorized to transfer the Assets in accordance with the terms of the Purchase Agreement. The Assets shall be transferred to Buyer, and upon consummation of the Purchase Agreement, such transfer shall (a) be valid, legal, binding and effective; (b) vest Buyer with all right, title and interest of the Debtor in the Assets; and (c) be free and clear of all Claims, except for Assumed Liabilities and Permitted Liens, with all Claims that represent interests in property to attach to the net proceeds of the Sale Transaction, in the order of their priority and with the same validity, force and effect which they now have against the Assets, subject to any claims and defenses the Debtor may possess with respect thereto.

10. Except as otherwise provided in the Purchase Agreement, all persons and entities (and their respective successors and assigns) including, without limitation, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, employees, former employees, pension plans, trade creditors and any other creditors holding Claims, except for Assumed Liabilities and Permitted Liens, are hereby forever barred, estopped and permanently enjoined from asserting or pursuing such Claims against Buyer, its Affiliates, successors or assigns, its property or the Assets, including, without limitation, taking any of the following actions with respect to a Claim (other than an Assumed Liability or Permitted Lien): (a) commencing or continuing in any manner any action or other proceeding against Buyer, its Affiliates, successors or assigns, assets or properties; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against Buyer, its Affiliates, successors or assigns, assets,

or properties; (c) creating, perfecting, or enforcing any liens, claims, encumbrances or other interests against Buyer, its successors or assigns, assets or properties; (d) asserting a Claim as a setoff, right of subrogation or recoupment of any kind against any obligation due Buyer or its successors or assigns; or (e) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Sale Order or the agreements or actions contemplated or taken in respect thereof. No such persons or entities shall assert or pursue against Buyer or its Affiliates, successors or assigns any such Claim, except for Assumed Liabilities and Permitted Liens.

11. This Sale Order (a) shall be effective as a determination that, as of the Closing, all Claims, other than Assumed Liabilities and Permitted Liens, have been unconditionally released, discharged and terminated as to Buyer and the Assets, and that the conveyances and transfers described herein have been effected, and (b) is and shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

12. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing Claims against or in

the Debtor or the Assets shall not have delivered to the Debtor prior to the Closing of the Sale Transaction, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor or the Assets or otherwise, then with regard to the Assets that are purchased by Buyer pursuant to the Purchase Agreement and this Sale Order (a) the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets and (b) Buyer is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Claims against the Assets other than the Assumed Liabilities and Permitted Liens.  This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office.

13. Following the Closing of the Sale Transaction, no holder of any Claim (except for any Assumed Liability or Permitted Lien) shall interfere with Buyer's title to or use and enjoyment of the Assets based on or related to any such Claim or based on any actions the Debtor may take in its chapter 11 case.

14. Except as expressly set forth in the Purchase Agreement, Buyer and its successors and assigns shall have no liability for any Claim.  By virtue of the Sale Transaction, Buyer shall not be deemed to:  (a) be a legal successor, or otherwise be deemed a successor to the Debtor; (b) have, *de facto* or otherwise, merged with or into the Debtor; or (c) be a mere continuation or substantial continuation of the Debtor or the enterprise or operations of Debtor. Further, except for Assumed Liabilities and Permitted Liens, Buyer shall have no liability for any Claim, whether known or unknown as of the Closing Date, now existing or hereafter arising,

whether fixed or contingent, whether as a successor, vicariously, or otherwise, of any kind, nature or character whatsoever, including Claims arising under, without limitation: (i) any employment agreements; (ii) any pension, welfare, compensation or other employee benefit plans, agreements, practices and programs, including, without limitation, any pension plan of or related to the Debtor or Debtor's Affiliates or predecessors or any current or former employees of any of the foregoing, including, without limitation, the Employee Benefit Plans and any other agreements related to the Employee Benefit Plans, (iii) any employee, worker's compensation, occupational disease or unemployment or temporary disability related law, including, without limitation, claims that might otherwise arise under or pursuant to (a) the Employee Retirement Income Security Act of 1974, as amended, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Worker Adjustment and Retraining Notification Act of 1988, (g) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (h) the Americans with Disabilities Act of 1990, (i) the Consolidated Omnibus Budget Reconciliation Act of 1985, (j) state discrimination laws, (k) state unemployment compensation laws or any other similar state laws, (l) state workers' compensation laws or (m) any other state or federal employee benefit laws, regulations or rules or other state or federal laws, regulations or rules relating to employment with the Debtor or any predecessors; (iv) any antitrust laws; (v) any product liability or similar laws, whether state or federal or otherwise; (vi) any environmental laws, rules, or regulations, including, without limitation, under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, et seq., or similar state statutes; (vii) any bulk sales or similar laws; (viii) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; (xi) any common law doctrine of *de facto* merger or successor or transferee

liability, successor-in-interest liability theory or any other theory of or related to successor liability; (x) or from the Debtor's business operations or the cessation thereof; and (xi) or from any litigation involving the Debtor.

### ASSUMPTION AND ASSIGNMENT OF DEBTOR CONTRACTS

15. The Debtor is hereby authorized in accordance with sections 105(a) and 365 of the Bankruptcy Code to assume and assign the Debtor Contracts to Buyer free and clear of all Claims, and to execute and deliver to Buyer such documents or other instruments as may be necessary to assign and transfer the Debtor Contracts to Buyer as provided in the Purchase Agreement.

16. The Debtor Contracts shall be transferred to, and remain in full force and effect for the benefit of, Buyer in accordance with their respective terms, including all obligations of Buyer as the assignee of the Debtor Contracts, notwithstanding any provision in any such Debtor Contracts (including, without limitation, those of the type described in sections 365(e)(1) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such assignment or transfer. There shall be no rent accelerations, escalations, assignment fees, increases or any other fees charged to Buyer or the Debtors as a result of the assumption or assignment of the Debtor Contracts.

17. All Cure Costs shall be paid in cash by Buyer in accordance with the terms of the Purchase Agreement. Payment of the Cure Costs shall be in full satisfaction and cure of any and all defaults under the Debtor Contracts, whether monetary or non-monetary. Each non-debtor party to a Debtor Contract is forever barred, estopped and permanently enjoined from asserting against the Debtor or Buyer, its successors or assigns or the property, any default existing as of the date of the Sale Hearing if such default was not raised or asserted prior to or at the Sale Hearing.

18. The failure of the Debtor or Buyer to enforce at any time one or more terms or conditions of any Debtor Contract shall not be a waiver of such terms or conditions, or of the Debtor's and Buyer's rights to enforce every term and condition of the Debtor Contracts.

19. Upon the Closing of the Sale Transaction, Buyer shall be fully and irrevocably vested with all right, title and interest of the Debtor under the Assumed Real Property Leases and the Assumed Contracts.

20. The contract and lease assumption procedures set forth in the Purchase Agreement are authorized and approved in their entirety. The Sellers shall assume and assign to the Buyer such Assumed Real Property Leases and Assumed Contracts effective as of such date of delivery, and the Buyer shall be fully and irrevocably vested with all right, title and interest of the Debtor under such Assumed Contracts.

### ADDITIONAL PROVISIONS

21. This Court shall retain exclusive jurisdiction to, among other things, interpret, enforce and implement the terms and provisions of this Sale Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder (and of each of the agreements executed in connection therewith in all respects), to adjudicate disputes related to this Sale Order or the Purchase Agreement, and to enforce the injunctions set forth herein.

22. All entities that are currently in possession of some or all of the Assets are hereby directed to surrender possession of such assets to Buyer as of the Closing.

23. No bulk sales law, or similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated by the Purchase Agreement, the Sale Motion and this Sale Order.

24. The transactions contemplated by the Purchase Agreement are undertaken by Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein of the Sale Transaction shall neither affect the validity of the Sale Transaction nor the transfer of the Assets to Buyer, free and clear of Claims, unless such authorization is duly stayed before the Closing pending such appeal.

25. The terms and provisions of the Purchase Agreement and this Sale Order shall be binding in all respects upon, or shall inure to the benefit of, the Debtor, its estate and its creditors, Buyer, and its respective Affiliates, successors and assigns, and any affected third parties including all persons asserting Claims, notwithstanding any subsequent appointment of any trustee, examiner or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner or receiver and shall not be subject to rejection or avoidance by the Debtor, its estate, its creditors or any trustee, examiner or receiver.

26. The failure specifically to include any particular provision of the Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety.

27. The Purchase Agreement, and any related agreements, documents or other instruments, may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not materially change the terms of the Purchase Agreement.

28. In the event that there is a direct conflict between the terms of this Sale Order and the terms of (i) the Purchase Agreement, or (ii) any other order of this Court, the terms of this Sale Order shall control. Nothing contained in any chapter 11 plan hereinafter confirmed in these chapter 11 cases shall conflict with or derogate from the provisions of the Purchase Agreement or the terms of this Sale Order.

29. Each and every federal, state and local governmental agency, department or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

**END OF ORDER**